IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| D.L.S., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | 7:21-CV-61 (TQL) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER**

Plaintiff filed this Social Security appeal on May 20, 2021, challenging the Commissioner's final decision denying her disability application, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 5; Clerk's Entry, May 26, 2021). The parties may appeal from the judgment, as permitted by law, directly to the United States Court of Appeals for the Eleventh Circuit. 28 U.S.C. § 636(c)(3). Jurisdiction arises under 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec.*

*Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (per curiam) (first citing *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam); and then quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citations omitted).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "In contrast, the [Commissioner's] conclusions of law are not presumed valid. The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46 (citations omitted).

Under the Regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's RFC, age, education, and work experience allow for an adjustment to other work.

*Administrative Proceedings*

Plaintiff protectively filed an application for Disability Insurance Benefits on May 8, 2019. (Tr. 12, 93). In her application, Plaintiff alleged an initial onset date of January 1, 2013. (Tr. 12,

215). The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. (Tr. 12, 126, 139). Plaintiff requested a hearing (Tr. 149) and appeared before an Administrative Law Judge (ALJ) on October 22, 2020 (Tr. 12, 38).

In a hearing decision dated November 17, 2020, the ALJ determined that Plaintiff was not disabled. (Tr. 12-29). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of review. (Tr. 1-3).

***Statement of Facts and Evidence***

Plaintiff was born on July 4, 1961 (Tr. 38, 215), and was fifty-one (51) years old at the time of her alleged onset of disability (Tr. 313). The ALJ found that Plaintiff had past relevant work experience as a utilization review coordinator, an admitting supervisor, a director of nursing, and an office manager. (Tr. 28).

The ALJ determined that Plaintiff suffered from the following severe impairments: diabetes mellitus with associated neuropathy and gastroparesis; irritable bowel syndrome; degenerative disc disease of the lumbar spine, status post remote lumbar fusion; migraine headaches; and hypertension. (Tr. 14). The ALJ determined that Plaintiff suffered from the non-severe impairments of mild obesity, mild carpal tunnel syndrome, mild degenerative disc disease of the cervical spine, asthma, dyslipidemia, and vitamin D deficiency, but that the medical record did not set forth any findings that would support any significant functional limitations and reflected that said conditions improved with conservative treatment. (Tr. 14-15). The ALJ found that there was insufficient objective medical evidence and findings to find that Plaintiff had additional medically determinable impairments related to fibromyalgia. (Tr. 16). The ALJ found that Plaintiff's medically determinable mental impairments of anxiety disorder and depressive disorder were nonsevere because they did not cause more than minimal limitations. (Tr. 15). The ALJ

determined that Plaintiff did not have a medically determinable substance use disorder since the date of her application. (Tr. 16-17).

Considering the "paragraph B" criteria, the ALJ found that Plaintiff had no limitation in her ability to understand, remember, or apply information; no limitation in her ability to interact with others; no limitation in her ability to concentrate, persist, or maintain pace; and mild limitation in her ability to adapt or manage herself. (Tr. 15-16). Because the ALJ found that Plaintiff's medically determinable mental impairments caused no more than "mild" limitations in any of the functional areas and the evidence did not otherwise indicate that there was more than a minimal limitation in Plaintiff's ability to do basic work activities, the ALJ found her medically determinable mental impairments were nonsevere. (Tr. 16).

Considering the evidence relating to all of Plaintiff's impairments, individually and in combination, the ALJ found no evidence that the combined clinical findings from such impairments reached the level of severity contemplated in the listings prior to her date last insured ("DLI"). (Tr. 17).

Considering the entire record, the ALJ determined that, through Plaintiff's DLI, Plaintiff had the RFC to perform light work, except that she could occasionally climb ramps or stairs, but could never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could occasionally use her hands and feet for the operation of hand and foot controls bilaterally; and she must avoid concentrated exposure to workplace hazards. *Id.*

The ALJ determined that Plaintiff's assessed RFC did not preclude her from performing her past relevant work. (Tr. 28).

Ultimately, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, at any time between January 1, 2013, the alleged onset date, through December 31, 2014, Plaintiff's DLI. (Tr. 29).

## DISCUSSION

Plaintiff argues that the ALJ erred because (1) she failed to assess Plaintiff's depression and anxiety as severe impairments at step two, and (2) she failed to properly consider the opinions of two treating physicians. (Doc. 16).

***Step Two: Depression and Anxiety***

Plaintiff argues that the ALJ erred at step two because she failed to find that Plaintiff's alleged depression and anxiety were severe. *Id.* at 9-11.

As an initial matter, step two "'acts as a filter' in that the 'finding of any severe impairment . . . is enough to satisfy the requirement of step two[.]'" *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (per curiam) (first alteration in original) (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). Further, no related step four-error occurs when an ALJ considers <u>all</u> of a claimant's symptoms and impairments, including those found to be non-severe, along with the claimant's medical records and testimony, and all opinion evidence in determining a claimant's RFC. *Id.* (citing *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987)).

The ALJ determined at step two that Plaintiff had several severe impairments. (Tr. 14). Having found at least one severe impairment at step two, the ALJ continued in the sequential evaluation. That was all that was required at step two. Further, the ALJ expressly considered the evidence related to Plaintiff's mental functioning. (*See, e.g.*, Tr. 15-16).

To the extent that Plaintiff suggests that other evidence supports a finding that her depression and anxiety were severe impairments, the Court does "not reweigh the evidence or

substitute [its] judgment for that of the" ALJ; instead, it reviews "the entire record to determine 'if the decision reached is reasonable and supported by substantial evidence.'" *Cornelius*, 936 F.2d at 1145 (first quoting *Bloodsworth*, 703 F.2d at 1239; and then citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). Having reviewed the evidence upon which the ALJ based Plaintiff's RFC, the Court finds that Plaintiff's RFC is supported by substantial evidence.

***Treating Physicians' Opinions***

Plaintiff argues that the ALJ erred because she failed to properly consider the opinions of Plaintiff's primary care provider, Dr. Ogrinc, and her psychiatrist, Dr. Huober. (Doc. 16, pp. 11-17). Specifically, Plaintiff asserts that the ALJ "cursorily analyzed" Dr. Ogrinc's opinion by failing to sufficiently articulate an analysis of that opinion, and the ALJ failed to analyze Dr. Huober's opinion entirely. *Id.*

The Eleventh Circuit recently held in a published opinion that the amended Regulations abrogated its prior precedents applying the treating-physician rule. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). The applicable amended Regulations apply to claims filed on or after March 27, 2017. Under the amended Regulations that apply to Plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). While the new regulations eliminate the hierarchy of medical sources, deference to specific medical opinions, and assigning "weight" to a medical opinion, an ALJ is still required to articulate how she considered the medical opinions and how persuasive she found them. Specifically, an ALJ is required to explain how she considered the "supportability" and the "consistency" of a medical source's opinion. 20 C.F.R. §

404.1520c(b)(2); *see also Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144 at *4 (11th Cir. 2022) (explaining the new regulations).

Plaintiff filed her claim for disability insurance benefits on May 8, 2019, alleging an initial onset date of January 1, 2013. The ALJ determined that Plaintiff's DLI was December 31, 2014. (Tr. 14). "To be eligible for disability insurance benefits, a claimant must establish that she was under disability on or before the last date for which she was insured." *Whitton v. Comm'r, Soc. Sec. Admin.*, 643 F. App'x 842, 844 (11th Cir. 2016) (per curiam) (first citing 42 U.S.C. § 423(a)(1)(A), (c)(1); and then citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). As such, Plaintiff must show that she was disabled on or before December 31, 2014.

On July 8, 2019, Dr. Ogrinc completed a medical source statement. (Tr. 4727-30). Dr. Ogrinc indicated that Plaintiff's initial visit with her was on February 26, 2013. (Tr. 4727). The ALJ considered Dr. Ogrinc's opinion and found that it was "inconsistent with the record prior to the DLI and [was] therefore unpersuasive. Specifically, [Plaintiff] testified and the medical records support worsening of her symptoms around 2017, long after the DLI. Moreover, [Dr. Ogrinc's] opinion was provided without the benefit of the complete record." (Tr. 27-28). Having considered the evidence in the record and the ALJ's consideration of the evidence as it relates to Dr. Ogrinc's opinion, the Court finds that the ALJ's decision as to Dr. Ogrinc's opinion is supported by substantial evidence.

Further, while the ALJ did not expressly articulate whether Dr. Ogrinc's opinion was "supported" by the record, reading the ALJ's decision as a whole, as well as the ALJ's discussion of Dr. Ogrinc's opinion, the Court finds that the ALJ impliedly articulated her consideration of whether Dr. Ogrinc's opinion was "supported" by the record. To the extent that the ALJ committed any error by failing to articulate whether Dr. Ogrinc's opinion was "supported" by the record, the

7

Court finds that any such error is harmless because the ALJ impliedly found that Dr. Ogrinc's opinion was unsupported by the record because the ALJ cited evidence in the record which was inconsistent with the findings in Dr. Ogrinc's opinion, so that any such error would not have affected the ALJ's ultimate decision. *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (per curiam) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) ("To the extent that an [ALJ] commits an error, the error is harmless if it did not affect the [ALJ's] ultimate determination.").

On July 15, 2019, Dr. Huober completed a medical source statement. (Tr. 4732-36). Dr. Huober indicated that Plaintiff's limitations as he outlined in his medical source statement had persisted to the same degree since at least January 1, 2012, but also indicated that he began seeing Plaintiff monthly beginning in January 2019. (Tr. 4732, 4735). The ALJ stated that she did not provide articulation about evidence that was inherently neither valuable nor persuasive. (Tr. 28).

Dr. Huober did not treat Plaintiff during the relevant time period, as he began treating Plaintiff in January 2019 and Plaintiff's DLI was in December 2014. Further, while Dr. Huober stated that Plaintiff suffered the alleged limitations beginning in January 2012, he never evaluated her during the relevant time period. *Whitton*, 643 F. App'x at 845-46 (finding that substantial evidence supported the ALJ's decision to give no weight to a physician's opinion regarding the relevant time because the physician did not treat the claimant during the relevant time period and he never evaluated the severity of the claimant's conditions during the relevant time period).

"Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue." *Carroll v. Soc. Sec. Admin., Comm'r*, 453 F. App'x 889, 892 (11th Cir. 2011) (citing *Wilson v. Apfel*, 179 F.3d 1276, 1278-79 (11th Cir. 1999) (per curiam)). While under certain circumstances an examination conducted after the DLI expires may still be chronologically

8

relevant, those circumstances are not present as it relates to Dr. Huober's opinion. For example, Dr. Huober does not state that he reviewed the medical records from the time period prior to the expiration of Plaintiff's DLI. *Putman v. Soc. Sec. Admin., Comm'r*, 705 F. App'x 929, 935 (11th Cir. 2017) (per curiam) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322-23 (11th Cir. 2015)) (noting that certain circumstances may make evidence which postdates an ALJ's decision, or the DLI, chronologically relevant). As Dr. Huober's opinion was not chronologically relevant, and was therefore irrelevant and immaterial, the ALJ was supported by substantial evidence in not articulating any findings as to Dr. Huober's opinion.

* * * * *

The Court has reviewed all of the evidence in the record. While there is evidence to support Plaintiff's allegations, the issue before the Court "is whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez ex rel. R.C. v. Berryhill*, 2021 WL 5023951 at *7 (11th Cir. 2021) (per curiam) (citing *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004)). "Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (citation omitted). Having considered the evidence in the record, and the ALJ's decision, the Court finds that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

9

**SO ORDERED**, this 15th day of September, 2022.

                                                        s/ ***THOMAS Q. LANGSTAFF***
                                                        UNITED STATES MAGISTRATE JUDGE